## Mobley v. Commonwealth.

(Decided February 8, 1921.)

### Appeal from Carter Circuit Court.

1. Criminal Law—Indictment Improperly Charging Separate Offenses.—Although an indictment may improperly charge the defendant with the commission of two or more separate offenses, where the attorney for the Commonwealth elects to prosecute him for only one of the offenses and his trial is confined to that single offense an error committed by the trial Court in overruling, before such election by the Commonwealth, his demurrer to the indictment was not prejudicial to him.

2. Criminal Law—Period of Imprisonment Directed by Instruction.—An instruction which erroneously told the jury that the minimum period of imprisonment in jail fixed by the statute for the offense for which the defendant was tried was less than actually prescribed by it, was not prejudicial to him, as the verdict of the jury fixed his imprisonment at the minimum time named in the instruction.

3. Criminal Law—Imprisonment for Less Time Than Fixed by Statute.—The fact that the verdict of the jury, in additon to inflicting upon the defendant a fine as prescribed by the statute, fixed his imprisonment at a shorter time than the minimum limit prescribed by the statute, did not entitle him to a new trial, as he cannot complain that his imprisonment was less than that fixed by the statute; and an error, though committed both by the trial Court and jury, which did not prejudice the defendant in some substantial right, will not afford ground for reversing the judgment.

4. Intoxicating Liquors—Evidence.—Evidence examined and held sufficient to authorize the verdict finding defendant guilty of furnishing and selling intoxicating liquors in violation of section 2557, Ky. Stats.

THEOBALD & THEOBALD for appellant.

CHAS. I. DAWSON, Attorney General, and THOMAS B. Mc-GREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal is prosecuted from a judgment of the Carter circuit court entered upon a verdict finding the appellant, Charles Mobley, guilty of procuring for and selling Bill James spirituous, vinous and malt liquors, in territory where local option was in force, and fixing his punishment at a fine of $60.00 and ten days' confinement in jail.

The indictment contained much surplusage, but sufficiently, we think, charged the offense of selling such liquors in violation of Kentucky statutes, section 2557, though improperly joining two sales, each to a different person, in the one indictment. Because of this defect of misjoinder of offenses, the trial court should have sustained the appellant's demurrer to the indictment, but as the Commonwealth elected to prosecute appellant for the offense of selling to James, the error of the court in overruling the demurrer was not prejudicial to him for the election compelled the treating of any other offense or offenses charged in the indictment as surplusage. Ellis v. Commonwealth, 78 Ky. 133.

We do not understand that the appellant complains of the overruling of the indictment, but he contends: (1) that the indictment is otherwise duplicitus in embracing offenses denounced by several different statutes; (2) that the verdict is flagrantly against the evidence; and (3) that the court did not properly instruct the jury. The first of these contentions may again be answered by saying that stripping the indictment of all surplusage, as seems to have been done on the trial by confining the evidence to the selling and furnishing of liquor by appellant to James, the Commonwealth was limited to an offense under section 2557 Ky. Stats. The second contention cannot be sustained, for the evidence was sufficient to support the verdict. As furnished by the testimony of the witness James it conduced to prove that appellant with one Gallion was in possession of several quarts of moonshine whiskey which he admitted to James was contained in saddle pockets belonging to him; and when asked by James whether he could sell or find him a quart of whiskey, appellant conducted him to Gallion and upon reaching the latter appellant drew from under a bank where it was concealed the saddle pockets containing the whiskey, from which James purchased a quart for which he paid $7.00. James also testified that

he was handed the whiskey either by appellant or Gallion, he does not distinctly remember which; that he paid the money for the whiskey either to appellant or to Gallion, but as to which of them received it his recollection was indistinct. He further testified that he later saw both appellant and Gallion up the road from where he had purchased his whiskey and that both were still in possession of it and the witness saw sales made of it to other persons but did not himself buy any more whiskey that day, nor notice by whom the later sales were made. It is true this evidence was contradicted by appellant throughout, but it was the province of the jury to disbelieve appellant and accept the testimony of James, and as this was evidently done by them and the evidence furnished by James if believed strongly tended to connect appellant with the possession, ownership and sale of the whiskey, we are unprepared to say that the circumstances were not sufficient to convince the jury of appellant's guilt. Couch v. Commonwealth, 171 Ky. 146.

In determining the purpose of the defendant in a case like this the jury were not confined to his testimony alone but had a right to take into consideration all the facts and circumstances surrounding the transaction. Peters v. Commonwealth, 154 Ky. 689.

The only error we find in the instructions given by the court lies in the advice given in the first one to the jury regarding the imprisonment penalty they were authorized to inflict if they found appellant guilty, the mistake consisting in its telling the jury that in addition to the fine of not less than sixty nor more than one hundred dollars they might impose a penalty of confinement in jail for not less than ten nor more than forty days, whereas the minimum imprisonment fixed by the statute is twenty instead of ten days. This error in the instruction was harmless, because certainly not prejudicial to the appellant who cannot complain that the verdict gave him less than the minimum imprisonment provided by the statute. Read v. Commonwealth, 138 Ky. 568; Miracles v. Commonwealth, 148 Ky. 464. A defendant cannot complain of an error which does not prejudice him in some substantial right, and, as declared in 8 R. C. Law 238, "It is generally conceded that a sentence which is for less than the statute prescribes is not void, but merely erroneous and not a good ground for reversal."

As we find no sufficient cause for disturbing the verdict, the judgment is affirmed.