## Bowling v. Commonwealth.

(Decided January 17, 1922.)

Appeal from Nelson Circuit Court.

1.    Criminal Law—Indictment and Information—Misjoinder—Election. —When two or more offenses are charged in one indictment a

demurrer will lie to correct the misjoinder, which should be sustained by the trial court and the Commonwealth required to elect for which of the offenses charged it will prosecute the defendant. But where, as in this case, following the filing of the demurrer and before it could be acted upon by the court, the Commonwealth made such election, the subsequent overruling of the demurrer by the court, was not error.

2. Intoxicating Liquors—Searches and Seizures—Evidence.—Where upon his trial under an indictment charging the offense of unlawfully manufacturing whiskey, the evidence was to the effect that the appellant was discovered by a peace officer and posse taking part in the operation of a "moonshine" distilling plant, by which such liquor was then being manufactured, the refusal of the trial court to exclude, on the appellant's motion, this evidence as incompetent on the ground that the officer and posse were not in possession of a warrant authorizing a search for or seizure of the distilling plant, was not error.

3. Intoxicating Liquors—Searches and Seizures.—As the appellant did not own, or as tenant occupy, the land on which the still, appliances and whiskey seized were found, and the property was situated in the woods and not in a building or inclosure requiring the breaking of a door or removal of obstructions to discover it, and appellant's participation in the operation of the still occurred in the presence of the officer and posse, the latter had the right to seize the property and arrest appellant without a search warrant or other process. Consequently neither their seizure of the property nor the proof of the facts connected therewith, furnished by them on appellant's trial, came within any inhibition of section 10, Bill of Rights, Kentucky Constitution, or similar provision of the Federal Constitution.

4. Criminal Law—Trial—Instructions.—The appellants cannot complain of an instruction which erroneously authorized the jury, if they found him guilty, to inflict upon him punishment prescribed by a statute other than that under which he was indicted where, as in this case, the punishment inflicted by the verdict was less than the minimum of that provided by the statute under which he was indicted.

NAT W. HALSTEAD for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Under an indictment returned against him by the grand jury, the appellant, Alonzo Bowling, was tried and convicted in the Nelson circuit court of the offense of unlawfully manufacturing spirituous, vinous and malt liquors, towit: whiskey, "to be used for beverage pur-

poses, and not to be used for sacramental, medicinal, scientific, or mechanical purposes.'' By verdict of the jury and the judgment entered by the court thereon his punishment was fixed at a fine of $200.00 and thirty days' imprisonment in jail. He duly filed in the court below a motion and grounds for a new trial, the overruling of which motion resulted in this appeal.

The grounds urged by appellant's counsel for the reversal of the judgment of conviction will be considered in the order in which they appear in his brief. The first is that the trial court erred to the appellant's prejudice in overruling his demurrer to the indictment, it being insisted that it charged more than one offense, which required the court, by sustaining the demurrer, to compel an election by the Commonwealth as to which of the offenses charged against him it would prosecute. It is undeniably true that the indictment charges at least two of the numerous offenses defined and made punishable by chapter 81, section 1, Acts General Assembly, 1920; that is, it is not only therein charged that the appellant did ''unlawfully manufacture,'' but also that he did ''have in possession and keep for sale'' spirituous, etc., liquors, both that manufactured and that kept for sale ''to be used for beverage purposes and not to be used for sacramental, medicinal, scientific or mechanical purposes,'' each of which alleged violations of the statute constituted a distinct offense. But while the demurrer of the appellant to the indictment properly raised the question of misjoinder and, if sustained, would have compelled the Commonwealth either to elect to prosecute him for one of either of the offenses charged, or dismiss the indictment, it nevertheless is true that the overruling of the demurrer by the trial court was not prejudicial to any substantial right of the appellant, for we discover from an order contained in the record that after the filing of the demurrer, but before the court took any action thereon, the Commonwealth made and announced its election to prosecute the appellant for the offense of unlawfully manufacturing spirituous liquors as alleged in the indictment, which was one of the offenses therein charged, and likewise the offense for which he was tried and convicted. It further appears from the order referred to that when acted upon the demurrer was overruled. It is patent from these facts shown by the record

that the election made by the Commonwealth accomplished all that could have been effected by sustaining the demurrer and rendered the overruling of same necessary. Hence, it follows that by the course thus pursued the appellant was as fully advised before the trial of the character of the offense for which he would be, and in fact was, prosecuted, as if the election thereof by the Commonwealth had been compelled by sustaining the demurrer to the indictment. Mobley v. Commonwealth, 190 Ky. 424; Ellis v. Commonwealth, 78 Ky. 130. Therefore, the appellant's contention that the overruling of his demurrer to the indictment was such error as entitles him to a reversal of the judgment is wholly without merit.

As by the second ground urged for reversal of the judgment, the refusal of the trial court to direct a verdict of acquittal at the conclusion of the evidence, is assigned as error; and that assigned in the fifth ground is the admission by that court of alleged incompetent evidence on the trial, and both contentions must be determined by the legal effect to be given the evidence, the two grounds will be considered and disposed of together. The first of these contentions is based on the theory that the evidence relied on to establish the appellant's guilt, even if its competency be admitted, wholly failed to do so. The theory underlying the other contention is, that as the peace officers and posse by whom was discovered and destroyed the still, paraphernalia and ingredients then being used in producing the whiskey, alleged in the indictment to have been unlawfully manufactured by the appellant, were not at the time in possession of a warrant conferring upon them lawful authority to search for or seize the property mentioned, neither the property in question, their testimony respecting its discovery and character, nor their testimony tending to connect appellant with its use in manufacturing whiskey was competent as evidence.

We can find no good reason for sustaining either of the above contentions. As to the first it is sufficient to say that a mere statement of the salient features of the evidence will show it was sufficient, if competent, to require its submission to the jury, and also, to authorize the verdict that resulted from such submission. The evidence, substantially, was as follows: The county attorney and a deputy sheriff of Nelson County having received information that "moonshine" whiskey was be-

ing manufactured in the county and in the vicinity where the distillery in question was discovered, by some unknown person or persons, after a consultation between them regarding same, went, accompanied by a second deputy sheriff and a posse of three or more men summoned by one of the deputy sheriffs, upon a tour of investigation in the suspected community and in prosecuting same discovered the still the appellant was later indicted for operating. It was found on land owned by his father, Hilary Bowling, but probably a half mile distant from his residence or any highway, located under the spreading branches of a large beech tree standing at the intersection of two densely wooded ravines or hollows.

The officers named and the members of their posse when within a short distance of the still were enabled to locate it by the smoke ascending from the fire by which it was operated, and upon reaching it discovered that it was in full operation; the fire was burning under the still, which was filled with "singlings," or first run whiskey, undergoing the boiling or cooking process of distillation necessary to make of it the finished product known as whiskey. There were found at the still five or six tubs of mash, several sacks of grain, much of it ground in the form required for its distillation into whiskey; also singlings in addition to that in the still; also, a jug containing a gallon of moonshine whiskey and a quart bottle filled with the same fluid. The still was supplied with a "worm," and near the still was a pile of firewood cut in such lengths as fitted it for use in maintaining fires under the still. In addition, lying near the still were various implements, such as an axe, a saw and the like, all necessary for use in the work of operating the plant.

When the deputy sheriffs and posse arrived at the still they found the appellant, Alonzo Bowling, two other men, Atkins and Miller, and a fourth man whom they failed to identify, as he was partly concealed behind a tree and immediately fled. Appellant also ran when ordered to submit to arrest, and thereby escaped capture. But Atkins and Miller made no attempt to escape. Both had been drinking and Atkins was very much intoxicated, but neither of them appeared to be taking any part in the operation of the still. Except the fact or circumstance of his flight and escape, there seems to be little in the evidence conducing to connect the unidentified man with the operation of the still, but respecting the appel-

lant's connection with its operation, such lack of evidence is not apparent. On the contrary, it shows, besides his flight upon being ordered to submit to arrest, that when the still was discovered by the officers and posse he alone of the men present seemed to be in control of it, for he was then engaged in replenishing or stirring the fire under the still. In addition, upon fleeing he left at the still a basket of lunch which, unknown to him, some of the officers and posse just before the discovery of the still saw him carrying in the direction of the place where it was located. The foregoing facts and circumstances, with the additional circumstances furnished by the finding at the still of a letter and newspaper addressed to appellant or some member of his family, and that arising from the presence of the still on his father's land, required the submission of the case to the jury, which was done on the evidence of the Commonwealth alone, as none was offered by the appellant.

It is a recognized rule in this jurisdiction that a conviction for violating a criminal law of the state may be had upon circumstantial evidence alone when it is of such force as to reasonably exclude every hypothesis of the defendant's innocence. King v. Commonwealth, 143 Ky. 127; Peters v. Commonwealth, 154 Ky. 689; Mobley v. Commonwealth, 190 Ky. 421. This is especially true of violations of the liquor laws, which are nearly always committed with secrecy and by methods that often make detection difficult. The illicit still and appurtenant belongings found and, with the exception of a part of the still worm, destroyed by the officers of the law, obviously had an owner, and, as we have seen, the evidence reasonably conduces to prove that the appellant was either the owner or in possession of and operating the still as agent of the owner. In either event it cannot be true that he was entitled to a directed verdict of acquittal.

We think the appellant's attack upon the competency of this evidence is without support from the law. It cannot be said that it comes within any inhibition contained in section 10, Bill of Rights, Kentucky Constitution, or the similar provisions of the Federal Constitution. It is true the officers of the law did not have a search warrant, but likewise true that they made no search of any building, premises or land belonging to the appellant. The land on which the illicit still was situated is owned by his father, and it is not claimed that he was

the agent or tenant of the latter, or even a member of his family; nor was there any evidence that conduced to connect the father with the ownership of the still or that he had any knowledge of its existence, and in the absence of such evidence we will not presume that it was there with his knowledge or connivance. Furthermore, there was nothing in the evidence that showed any right in the appellant to occupy the land with his still. It is therefore apparent that he himself was a quasi, if not an actual, trespasser on the land, engaged in an unlawful enterprise or business. So, if it be conceded that under other circumstances his still would have been exempt from search or seizure without a warrant authorizing it, in the situation presented by the evidence he was not entitled to such exemption. It is not to be overlooked that the still and property seized were not in a building or inclosure; therefore, its seizure involved no breaking of doors or other obstructions. The position of appellant was similar to that of a bootlegger in possession of contraband whiskey so exposed to view that its possession by him and character could be discovered by a casual look from a passerby. The still and its operation were exposed to the view of any person that might chance to see it and, therefore, exposed and discovered itself. The appellant had no greater right to operate the still on the land than had the officers of the law to enter it; hence, the possession of a search warrant by them was unnecessary. It should further be remarked that the unlawful operation of the still by appellant was seen by the officers, and, therefore, as his violation of the statute constituted an offense committed in their presence they had the authority to arrest him and seize the still and appliances without a warrant. Turner v. Commonwealth, 191 Ky. 825; Commonwealth v. Riley, 192 Ky. 153.

Manifestly, the facts of this case do not bring it within the rule that would make them incompetent as evidence, announced in Youman v. Commonwealth, 189 Ky. 152; and equally manifest that the verdict of the jury is not flagrantly against the evidence, or that it was the result of prejudice or passion as claimed by appellant in the third ground for reversal. His complaint in the fourth ground of instruction No. 1 is without merit. If it be conceded that the punishment prescribed by section 1 of the statute was erroneously stated in the instruction, when it should have prescribed that provided by section

15, as that inflicted by the verdict was less than the minimum of that prescribed by the latter section, appellant was not prejudiced by the instruction.

In numerous cases it has been held that the defendant cannot complain where the punishment inflicted by the verdict is less than the minimum of that provided by the statute under which he was indicted. Mobley v. Commonwealth, 190 Ky. 424; Reed v. Commonwealth, 138 Ky. 868; 8 R. C. L. 238.

Judgment affirmed.

Whole court sitting.