## Commonwealth v. Flynn.

(Decided December 5, 1922.)

### Appeal from Campbell Circuit Court.

1. Criminal Law—Objection to Evidence Obtained by Illegal Search Should be Made When Evidence is Offered.—Objection to evidence obtained by an illegal search should be made when the evidence is offered and not by motion to "quash" the evidence before it is offered.

2. Criminal Law—Searches and Seizures—Evidence Obtained by Search of Another's Premises Admissible.—It is no valid ground for the rejection of evidence that it was obtained by the search of another's premises without a search warrant.

CHAS. I. DAWSON, Attorney General, THOMAS B. McGREGOR, Assistant Attorney General, and LAWRENCE J. DISKIN, Commonwealth's Attorney, for appellant.

BLAIN McLAUGHLIN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Certifying the law.

Howard Flynn was indicted by the grand jury of Campbell county for the offense of maintaining and keeping at 316 West Fourth street, in the city of Newport, a room, building and premises wherein money was bet and wagered on the result of horse races. On the calling of the case for trial Flynn moved "to quash the evidence of any officer of the Kentucky National Guard gained through an unlawful search of the premises at 316 West Fourth street, Newport, Campbell county, Kentucky, or any other evidence gained through said unlawful search." In support of the motion to quash, counsel for Flynn offered, and the court admitted over the objection of the Commonwealth, the evidence of Roy H. Newitt, captain of the Kentucky National Guard, who testified in substance that he, accompanied by another officer and four privates, went to the premises at 316 West Fourth street in Newport. There they found a residence with a side yard located close to the street. They entered the yard and walked up the side steps, where they found a room containing seven telephones. There was no one on the premises at the time and they had no search warrant.

On hearing the evidence of Captain Newitt, the court sustained the motion to quash all evidence obtained

through the search. Thereupon the Commonwealth's attorney stated that he had no further evidence in support of the indictment, and the court entered an order dismissing the indictment. The Commonwealth has appealed.

At the outset we may say that, under our practice, objection to the admission of evidence obtained by an illegal search and seizure should be made when the evidence is offered, and we find no authority in this jurisdiction for the procedure adopted by the trial court. Youman v. Commonwealth, 189 Ky. 152, 224 S. W. 860. But passing the question of practice, the offered evidence was not sufficient to justify the court's action in sustaining the motion to quash all evidence obtained by the search. The evidence did not show that the accused owned, leased or occupied the premises searched, and it is no valid ground for the rejection of evidence that it was obtained by the search of another's premises without a search warrant. Bowling v. Commonwealth, 193 Ky. 642, 237 S. W. 381 Fletcher v. Commonwealth, 196 Ky. 625, — S. W.—.

Wherefore this opinion is certified as the law of the case.