## Dennison, et al. v. Commonwealth.

(Decided March 20, 1923.)

### Appeal from Johnson Circuit Court.

1. Indictment and Information—Indictment Charging Both Possession and Operation of Still is Demurrable.—An indictment charging the unlawful possession of a still by accused and its unlawful operation by them charges two distinct offenses and is demurrable.

2. Criminal Law—Election by Prosecution Held to Cure Overruling of Demurrer for Publicity.—Where the prosecution, as soon as defendants demurred to the indictment, voluntarily elected to prosecute defendants only for the offense of operating the still and not for the offense of possessing it, which was also charged in the indictment, the overruling of the demurrer was not prejudicial to accused, since the effect of sustaining it would be to require the prosecution to make the election it had made.

3. Indictment and Information—Allegations of Assisting in Operation of Still Held Surplusage.—Since the offense of operating a still is a misdemeanor so that all who participate therein, whether as proprietors or assistants, were principals, the words in an indictment charging the operation of the still which imported assistance in its operation should be regarded as surplusage.

4. Indictment and Information—Operation and Assistance in Operation of Still are One Offense.—Under Acts 1920, c. 81, the acts of operating and assisting in operating a still constitute the same offense, so that an indictment charging operation and assistance in operation is not demurrable.

5. Criminal Law—Right to Object to Misjoinder is Waived by Failure to Require Election by Demurrer or Motion.—In an indictment alleging the operation and assistance in the operation of a still charged two offenses after the commonwealth had elected not to prosecute for the offense of possessing the still as also alleged in the indictment, defendants cannot complain of the trial court's failure to require a second election, where they did not, either by a renewal of their demurrer or by motion, require such further election.

6. Criminal Law—Evidence Held to Corroborate Accomplice Testimony.—Even though a witness for the prosecution who testified to the operation of a still by defendants was an accomplice, his testimony was sufficiently corroborated to warrant a conviction by other evidence that some of the defendants had purchased supplies for operating the still from that witness and by testimony of the officers that they had been threatened by some of the defendants if they approached the locality of the still.

7. Intoxicating Liquors—Person Who Delivers Supplies to Still is an "Accomplice."—A person who sells to the operators of a still and delivers at the still supplies to be used by defendants in the operation of the still is an "accomplice," which in its full meaning includes all persons who have been concerned in the commission of an act which violates a criminal or penal law, so that it was error to refuse to charge that the testimony of such person must be corroborated as required by Criminal Code of Practice, section 241.

J. B. CLARK for appellants.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellants, Leonard Dennison, Elza Osborn, Walker Dennison, Roland Setzer, Jim Dennison, Lloyd Spriggs, Conrad Collins and Coke Austin, together with Denny Pigg and Martin Osborn, were jointly indicted by the grand jury of Johnson county for the offense of unlawfully having in their possession and operating an illicit still in the manufacture of spirituous and intoxicating liquors, not for sacramental, medicinal, mechanical or scientific purposes. On the joint trial of the parties under the indictment for the offense of unlawfully operating the still the jury by their verdict found all of the de-

fendants, save Denny Pigg and Martin Osborn, guilty, and fixed the punishment of each so found at a fine of $300.00 and imprisonment of sixty days in jail. By a separate verdict, however, Denny Smith and Martin Osborn were each found not guilty.

The convicted defendants filed in the court below joint and several motion and grounds for a new trial, but the motion was overruled as to each of them and judgment duly entered against each in conformity with the verdict, from which judgment they have jointly and severally appealed.

It is contended by the appellants that the trial court erred to the prejudice of their substantial rights in overruling their demurrer to the indictment. As the indictment charged two distinct offenses: First, the unlawful possession of the still by the parties accused; second, its unlawful operation by them, it was obviously demurrable. But it appears from an order preceding the trial, that though a demurrer was filed to the indictment on the ground indicated, before the court had an opportunity to act upon it the Commonwealth made its election to prosecute the parties accused for the second offense charged, viz.: that of unlawfully operating the still. While the demurrer properly raised the question of misjoinder and, if sustained, would have forced the Commonwealth to elect to prosecute for one of either of the offenses charged, or dismiss the indictment; as the election made by the Commonwealth had the same legal effect as if it had followed and been compelled by the court's sustaining of the demurrer, we are unable to perceive how the court's subsequent overruling of the demurrer can be regarded reversible error; nor will we consent to so hold. Bowling v. Comth., 193 Ky. 642; Mobley v. Comlth., 190 Ky. 424; Ellis v. Comlth., 78 Ky. 130.

Neither the allegation of the indictment that the defendants operated and assisted in operating the still, nor the election of the Commonwealth to prosecute them for operating and assisting in operating the still, made of the assisting an offense distinct from that of operating it. To constitute the offense of operating the still, or assisting in its operation, it was not necessary that any of the parties accused should have owned it. The offense of operating it as alleged was a misdemeanor; consequently, all who participated in its operation, whether as proprietors, or assistants with or without compensation, were principals and joint wrongdoers; therefore, it would

seem, that the words of the indictment importing assistance in the operation of the still, should be regarded as mere surplusage. Furthermore, it is evidently the meaning of chapter 81, Acts 1920, under which this indictment was found, that the acts of operating and assisting in operating a still constitute the same offense. In our view of the matter the indictment charged only two offenses, viz.: (1) that of having the still in possession; (2) that of operating it. And when the Commonwealth elected to prosecute the defendants for the offense of operating the still, the legal effect of such election was to dismiss the first and leave the second, and one for which the defendants were tried, as the only offense remaining.

If, however, there were any merit in the appellants' contention that there were still two offenses charged against them and left in the indictment after the election by the Commonwealth, viz.: those of operating and assisting in operating a still, they are not in a position to complain of a failure of the trial court to require of the Commonwealth another or second election, as neither by a renewal of their demurrer, nor by motion, did they request the court to require of the Commonwealth such further election. By the failure of the appellants to so proceed they waived their right to object to any other misjoinder of offenses claimed to have been discovered by them in the indictment after the election made by the Commonwealth. Bowles v. Comlth., 197 Ky. 260; Wells v. Comlth., 195 Ky. 740; Lyttle v. Comlth., 195 Ky. 729; Estes v. Comlth., 194 Ky. 478.

It is insisted for the appellants that the trial court committed reversible error in overruling their motion, made at the close of the evidence, for an instruction peremptorily directing a verdict of not guilty as to each of them. This contention will require consideration of the evidence, which we find to be about as follows: Dick Collins, the principal witness for the Commonwealth, testified substantially that he saw a moonshine still in operation under a shed in the Blue Bar Hollow, on Daniels creek in Johnson county, during the month of October, 1921, which he described as a Copper still, with a 22 foot worm and capacity of 20 gallons and said was conducted by the appellants. That he frequently visited it both day and night and when he did so, saw that it was controlled and being operated by the appellants in the manufacture of moonshine whiskey for sale and much of which was sold by them there; and that on several occasions he

bought of them at the still for his own use whiskey made there. The witness did not claim to have seen all the appellants at one time or together at the still, but did testify that he saw each of them there at different times and often several of them at the same time and that when seen by him there they would be taking some part in the operation of the still or be at work connected with its operation.

Collins also testified that he on more than one occasion sold to the appellant, Roland Seltzer, sorghum molasses, as much as 14 gallons altogether, for which the latter paid him $1.00 per gallon and which he said he was buying for use in manufacturing moonshine whiskey, because sugar was too scarce and expensive for such use. As a part of the consideration of the sale of the molasses, the witness agreed as he testified to deliver it to the appellants at their still in the Blue Bar Hollow for use in the manufacture of whiskey, and this duty he performed at night, in doing which he passed the still guards in the Blue Bar Hollow and reached the location of the still by employing the signals that were required by the appellants to be used by their friends in approaching the still and with which the witness was familar.

Collins further testified that at other times he assisted the appellant, Buck Dennison, in carrying for the appellants from "Greasy" to their still, two sacks of sugar and one of middling bacon. It was not, however, stated by the witness that he was paid for these services, or that he asked to be compensated for same. Of the three other witnesses introduced for the Commonwealth, none of them claimed to have been at the Blue Bar Hollow still or to have had any personal knowledge of the connection of any of the appellants with its operation. One of these witnesss, however, the wife of Dick Collins, testified that she overheard at her home the conversation that occurred when her husband sold a part of the molasses to the appellant, Roland Setzer, heard the latter say he was buying it to use in manufacturing whiskey and the agreement of the husband to deliver the molasses at the Blue Bar Hollow still, but had no personal knowledge that he did so. Lacy Collins, a deputy sheriff and another of the three witnesses last mentioned, testified that he was in substance advised by Elza Osborn, one of the appellants, of the danger of his going into the Blue Bar Hollow as there were stills up there and that if he, an officer, went in the hollow there

were men there who would carry him out dead. Walter Collins, the remaining witness, testified as to hearing shooting in the Blue Bar Hollow and seeing smoke there and receiving of one of the appellants a warning of danger from going in that hollow.

The several appellants, testifying each in his own behalf and for the others, denied any and all connection with the operation of the still in question; Roland Selzer making specific denial of having purchased any molasses of Dick Collins and Buck Dennison of having requested his assistance in carrying the sugar or meat as testified by Collins.

We do not think the action of the trial court in refusing an instruction peremptorily directing a verdict of acquittal, was error. The testimony of the witness Dick Collins conduced to prove the guilt of all the defendants indicted, except Denny Pigg and Martin Osborn, the two acquitted by the jury; and if Dick Collins was an accomplice of the appellants in operating the still, of which there was evidence, as there was other evidence, though slight, that tended to corroborate his testimony as to the appellants' guilt, the case should have gone to the jury, whose province it was to determine whether it was of such probative value and corroborative effect, when considered with that of the witness Dick Collins, as to establish the guilt of the appellants. Manifestly if, as held in Comlth. v. Stringer, 195 Ky. 717, one who acts as a guard to give warning to and prevent interference with another while engaged in unlawfully operating a still, is an accomplice in the operation of the still, it must be equally true that one who, like the witness Collins, knowingly furnishes in part, or assists in transporting, the ingredients for use in manufacturing whiskey by operating the still, is also an accomplice in the meaning of the law.

This being so, it was the duty of the trial court, as insisted by the appellants, to instruct the jury as mandatorily required by section 241, Criminal Code, which provides:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof."

The term "accomplice" in its full meaning, includes all persons who have been concerned in the commission of an act which constitutes the violation of a criminal or penal law, and the provisions of the Criminal Code, *supra,* apply to accomplices in the commission of a misdemeanor as well as a felony. Comlth. v. Barton, 153 Ky. 465.

If follows from what has been said that the failure of the trial court to give the instruction required by section 241, Criminal Code, must be declared reversible error. We find no material error in the instructions that were given. But for the reason indicated, the judgment is reversed for a new trial not inconsistent with the opinion.