## Yopp v. Commonwealth.

(Decided April 22, 1924.)

### Appeal from McCracken Circuit Court.

1. Intoxicating Liquors—Description of Premises, and Property to be Seized, Held Definite and Certain—"Intoxicating Liquors."—A search warrant authorizing search of house, buildings, and premises at 1034 Murrell boulevard in Paducah, McCracken county, occupied and in the possession of named persons, for detention of any intoxicating liquors, or any illicit still or apparatus designed for the manufacture of intoxicating liquor, held to definitely and certainly describe the premises and the property to be seized; the words "intoxicating liquors" being sufficiently comprenhen-

sive to include not only spirituous, vinous, or malt liquors, but also any other drinkable liquid containing such ingredients as might produce intoxication, in view of Acts 1922, chapter 33, section 1, and Constitution, section 10.

2. Intoxicating Liquors—Warrant Need Not Describe Intoxicating Liquor Sought.—A search warrant need not describe the quality or character of the intoxicating liquor for which search is to be made, in the language of the statute.

3. Intoxicating Liquors—Evidence of Unlawful Possession Held to Warrant Submission to Jury and Support Conviction.—In prosecution for unlawful possession of spirituous liquor, under Acts 1922, chapter 33, section 1, evidence held sufficient to warrant submission to the jury and to support a conviction.

4. Criminal Law—Intoxicating Liquors—Conviction May be Supported by Circumstantial Evidence, Especially Convictions for Violating Liquor Laws.—Conviction for violating a criminal law may be had on circumstantial evidence alone when it is of such force as to reasonably exclude every hypothesis of the defendant's innocence, and this is especially true of violations of the liquor laws.

CROSSLAND & CROSSLAND for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

First tried in the Paducah police court upon a warrant issued by the judge thereof charging him with the offense of unlawfully having in his possession "spirituous liquor," to-wit, "white whiskey," the appellant, Gus Yopp, was found guilty and his punishment fixed at a fine of $100.00 and 30 days' confinement in jail. From the judgment of that court he took an appeal to the McCracken circuit court and on the trial by jury resulting therein was again found guilty of the offense charged and his punishment fixed at a fine of $300.00 and 60 days' confinement in jail, and from the judgment of the latter court he has appealed to this court.

The appellant asks the reversal of the judgment of conviction because of error alleged to have been committed by the trial court: (1) In the admission of incompetent evidence in behalf of the Commonwealth. (2) In overruling his motion for an instruction peremptorily directing the jury to return a verdict of not guilty. The evidence complained of as incompetent was a search warrant issued by the police judge of Paducah, in executing which Nelson, chief of police of that city, discovered in a

building owned by the appellant the whiskey, the alleged possession of which by him constituted the offense of which he was convicted. The search warrant, together with the affidavit whereby its issuance was procured, was read in evidence, to which the appellant objected and excepted; and his counsel insists that the search warrant is fatally defective because of the insufficiency of its description both of the premises to be searched and the property sought to be discovered by the search. We find no merit in this contention. Following the customary reference to the affidavit authorizing its issuance required to be stated in such warrant, the building and premises authorized to be searched thereunder and property sought to be discovered by such search, are thus described in the search warrant:

"The house, buildings and premises at 1034 Murrell blvd., in Paducah, McCracken county, Kentucky, occupied and in the possession of Gus Yopp and Ed Sears . . . for the detention of any intoxicating liquors which are kept there for sale or other disposition; also for any illicit still or apparatus designed for the manufacture of intoxicating liquors illegally possessed in violation of chapter 33 of the Acts of the 1922 session of the General Assembly of the Commonwealth of Kentucky. . . . "

Obviously, the above description of the building and premises to be searched is definite and certain; and this is also true of the description given of the thing or property for which the search was to be made. While the statute of this state (chapter 33, section 1, Acts 1922), known as the prohibition enforcement statute, in describing the liquors outlawed by its provisions, first employs the terms "spirituous, vinous and malt liquors," it also employs in connection with those words, immediately after the word "malt," the further descriptive words, "or intoxicating liquors," and the words "intoxicating liquors" are sufficiently comprehensive to include not only spirituous, vinous or malt liquors, but also any other drinkable liquid containing such ingredients or properties as might produce intoxication. It is not required that the quality or character of the intoxicating liquor be described in the warrant in the precise language, or by all the terms employed by the statute describing it, but only necessary to so describe it as to show that it is intoxicating liquor of the quality or character embraced by

the statute. We are clearly of the opinion that the description given by the search warrant in question of the building and premises authorized to be searched, and also of the property thereby sought to be discovered, meets the requirements of section 10, Constitution, relating to searches and seizures. Mattingly v. Commonwealth, 197 Ky. 583; Caudill & McLemore v. Commonwealth, 198 Ky. 695.

We do not understand that the appellant objects to the sufficiency of the affidavit upon which the search warrant was issued; and if we are right in the conclusion we have expressed with respect to the sufficiency of the search warrant, it follows that the ruling of the trial court in admitting it as evidence in behalf of the Commonwealth on the appellant's trial was not error.

The second ground upon which the appellant seeks the reversal of the judgment of the trial court cannot be sustained, as the record fails to support his claim of such an absence of evidence tending to prove his guilt as entitled him to a directed verdict of acquittal at the conclusion of the evidence. While in many respects conflicting, the evidence conclusively established the appellant's ownership of the building described in the search warrant directed to Nelson, chief of police of the city of Paducah, and that the search made of the building by him and his *posse* under the warrant resulted in the discovery therein of eleven half-pint bottles and a half-gallon jug all containing "white" or "moonshine" whiskey, found concealed under one of the steps of a stairway in the rear end of the building leading from its first or ground floor to the second and only floor above, which is divided into various rooms. It appears from the evidence that there is another stairway at the front of the building leading from the first to the second floor thereof, which is reached through a door that opens from the street in front of the building into a narrow hall occupied by the stairway, and that the first floor of the building at the time of the discovery of the whiskey in its back stairway was occupied by the appellant as a storeroom wherein he conducted a grocery and soft drink stand, and had been so used by him for more than a year previously, during the whole of which time and until after the discovery of the whiskey in question he had associated with him in the conduct of the grocery and soft drink busineess one Ed Sears, but whether as a partner or clerk is not disclosed by the evidence. It does, however, appear from the evidence that

much of the time appellant and Sears were associated in the grocery and soft drink business in the building in question, Sears alone was in charge thereof. Sears did not testify on the appellant's trial, and whether he was then present, or had been summoned as a witness, is not disclosed by the record.

The facts above related were fully established by the testimony of Nelson, chief of police, and that of Whitemore and Franklin, who constituted the *posse* assisting him in the search for and discovery of the whiskey seized under the warrant in his possession. These witnesses also testified that the appellant was not present when his building was searched and the whiskey concealed therein discovered, but that Ed Sears was then present and in control of the appellant's store and business. They also testified that the whiskey was found by them in a box concealed under the sixth or seventh step of the back stairway and was discovered by lifting the plank constituting the top or cover of the step. This place of concealment was the same from which, as appears from the affidavit of W. R. Fikes for procuring the search warrant, he was supplied by Ed Sears with a pint of "white" whiskey he purchased of the latter while in charge of the appellant's grocery.

The appellant, testifying in his own behalf, admitted his ownership of the building in which the whiskey was discovered and Sears' control, in his absence, of the grocery and soft drink business conducted therein, but denied any knowledge of the presence in the building of the whiskey discovered by the chief of police and his *posse,* or of its concealment under a step of the back stairway. He also testified that rooms on the top floor of the building in question, and to which both the back and front stairways led, were at the time of the discovery of the whiskey occupied by renters, but did not state for what purpose these rooms were rented or that there were none on that floor unrented; nor did he state the terms of any contract with regard to the renting of the rooms, give the names of the persons, or any of them, to whom they were rented, or introduce as witnesses any of such alleged renters to corroborate his testimony in any particular. He further testified that both the front and back stairways were used by the renters of the rooms on the second floor in reaching and leaving those rooms, but failed to state that either stairway was exclusively devoted to such use; or that in renting rooms on the second floor he had

by any contract deprived himself as owner of the building, or Sears as his assistant in the business conducted on the first floor, of the use or control of either of the stairways. Indeed, the appellant admitted his frequent use of the back stairway, but was silent as to the extent of its use by Sears. It is, however, apparent from the evidence that the proximity of the back stairway to the rear end of the grocery, from which it was separated by a thin partition containing a door opening into the grocery, made it conveniently accessible to those conducting the grocery, and the secret depository under one of its steps a convenient receptacle for the concealment of intoxicating liquors for the purpose of unlawful traffic in that commodity; while a door at the foot of the stairway which led to the side street afforded a ready means of entering and leaving the building to persons making purchases of liquors concealed in the stairway.

In addition to the evidence so far considered, Nelson and Whitemore testified that they were acquainted with the general reputation of the appellant, which they declared to be bad and that of a bootlegger or illegal dealer in the liquor traffic. On the other hand, two witnesses, Walter Dunn and James Morris, introduced in behalf of the appellant, testified in chief that they were acquainted with his general reputation "for being a peaceable, law-abiding citizen," and that "it is good." But upon being asked upon cross-examination whether they were acquainted with the appellant's reputation "for being engaged in selling whiskey," each of the witnesses admitted that he was not.

We think the evidence authorized the submission of the case to the jury. While much of it is circumstantial the circumstances are such as usually attend the unlawful possession of and traffic in intoxicating liquors, and are so closely related to the facts testified to by the witnesses that, when considered in the light afforded by those facts, they seem to remove any reasonable doubt of the sufficiency of the evidence, as a whole, to support the verdict. Hence, the refusal of the trial court to peremptorily instruct the jury to find the appellant not guilty, as requested by the latter, was not error. As said in Bowling v. Commonwealth, 193 Ky. 642:

"It is a recognized rule in this jurisdiction that a conviction for violating a criminal law of the state may be had upon circumstantial evidence alone when

it is of such force as to reasonably exclude every hypothesis of the defendant's innocence. (King v. Commonwealth, 143 Ky. 127; Peters v. Commonwealth, 154 Ky. 689; Mobley v. Commonwealth, 190 Ky. 424.) This is especially true of violations of the liquor laws, which are nearly always committed with secrecy and by methods that often make detection difficult."

Judgment affirmed.