## Stump v. Commonwealth.

(Decided January 27, 1925.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Overruling Demurrer to Duplicitous Indictment After Election to Try for One of Several Offenses Charged Not Reversible Error.—Overruling demurrer to duplicitous indictment, after election by Commonwealth's attorney to try defendant for any one of several offenses charged, is not reversible error.

2. Criminal Law—Overruling Demurrer to Duplicitous Indictment Reversible Error, where Commonwealth's Attorney Elected to Try Offense Not Charged.—Overruling demurrer to indictment charging manufacture, possession, sale, etc., and keeping for sale and transporting, of intoxicating liquors, held reversible error, though Commonwealth's attorney elected to try for possessing material to make moonshine liquor; such offense not being charged.

3. Intoxicating Liquors—Instruction Authorizing Conviction if Defendant Manufactured Whiskey Erroneous, where Commonwealth's Attorney Elected to Try for Possessing Material to Make Liquor. —Where Commonwealth's attorney abandoned offense of manufacturing liquor by electing to try defendant for possessing material to make moonshine liquor, court erred in instructing jury to convict if they found that defendant manufactured whiskey.

4. Intoxicating Liquors—Conviction on Evidence of Manufacturing, After Election to Prosecute for Possessing Material for Manufacture, Not Authorized.—Evidence of manufacture of whiskey is insufficient to establish uncharged offense of possessing material for making liquor, for which Commonwealth elected to prosecute, and cannot be relied on to show abandoned offense of manufacturing, though charged in indictment.

STATON & KEESEE for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Reversing.

The appellant, McClelland Stump, seeks by this appeal the reversal of a judgment of the Pike circuit court convicting him of the offense of unlawfully manufacturing intoxicating liquors. The grounds urged for a new trial in the circuit court, and now relied on for the reversal of the judgment of conviction, are, error alleged to have been committed by the trial court in the following particulars: (1) In overruling his demurrer to the indictment; (2) in permitting the Commonwealth's attorney to elect to prosecute him for an offense not charged in the indictment; (3) in improperly instructing the jury; (4) in overruling the appellant's motion for an instruction directing his acquittal by verdict of the jury.

The indictment (omitting its title and certain of its formal parts) is in words and figures as follows:

"The grand jury of Pike county . . . accuse McClelland Stump of the offense of unlawfully manufacturing, selling, bartering, possessing, giving

away and keeping for sale and transporting spirituous, vinous, malt and intoxicating liquors committed in manner and form as follows, viz., the said McClelland Stump on the 17th day of June, 1924, in the county aforesaid did unlawfully manufacture, possess, sell, barter and give away to divers persons, whose names and number or identity are to the grand jury unknown, and keep for sale and transport from place to place, spirituous, vinous, malt and intoxicating liquors, other than for sacramental, medicinal, scientific or mechanical purposes, against the peace and dignity of the Commonwealth of Kentucky.''

The duplicitous character of the indictment is apparent on its face. The appellant's demurrer thereto was, however, overruled by the trial court for the reasons stated in the following order appearing in the record:

''The defendant demurred to the indictment and the Commonwealth elected to try for *possessing material to make moonshine liquor;* and thereupon the court overruled the demurrer, to which ruling of the court the defendant objected and excepted at the time.''

It is a well known rule of practice in this jurisdiction that if after the filing by a defendant of a demurrer to an indictment because of its containing a misjoinder of offenses, the attorney for the Commonwealth, before action is taken on the demurrer by the trial court, makes an election to try the defendant for any one of the several offenses charged in the indictment, in such state of case the overruling of the demurrer by the court will not constitute reversible error. Bowling v. Commonwealth, 193 Ky. 642. But as in this case the named offense for which the Commonwealth's attorney elected to try appellant is not an offense charged in the indictment, if, indeed, it is one known to the law, we are unable to say that the overruling of the demurrer to the indictment by the trial court was not error. Manifestly an election made by the Commonwealth in a criminal or penal prosecution to be effective in correcting a misjoinder of offenses charged against the defendant under prosecution, must be confined to its choice of a single offense from among the two or more charged and described therein.

Equally as grave an error as that referred to was committed by the trial court in instructing the jury, for notwithstanding the Commonwealth's attorney's abandonment by election of the offense of manufacturing liquor, as well as every other offense with which the appellant was charged in the indictment, it told the jury in the first of the two instructions given, that if they believed from the evidence beyond a reasonable doubt that the defendant in Pike county and within twelve months before the finding of the indictment "manufactured whiskey" they should find him guilty.

It is, therefore, patent from the record before us that the appellant was tried for an offense not charged in the indictment and convicted of another, which, though charged in the indictment, was discarded and dismissed by election of the attorney and official representative of the Commonwealth made before the beginning of the trial.

By yet another ruling, that of refusing the instruction, asked by the appellant, directing his acquittal by the jury, the trial court committed further error, sufficient of itself to compel the reversal of the judgment of conviction.

For clearly the evidence upon which the appellant was convicted was insufficient to establish his guilt of the uncharged offense for which the Commonwealth elected to prosecute him, and could not be relied on to show his guilt of another offense which, though charged in the indictment, was abandoned by such election.

For the reasons indicated, the judgment is reversed and cause remanded for a new trial and such further proceedings as may not be inconsistent with the opinion.