RENDERED:  MAY 5, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0560-MR

ALENNIS ISBY                                                       APPELLANT


                        APPEAL FROM HARDIN CIRCUIT COURT
v.                    HONORABLE JOHN D. SIMCOE, JUDGE
                          ACTION NO. 20-CR-001034


COMMONWEALTH OF KENTUCKY                            APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND ECKERLE, JUDGES.

ECKERLE, JUDGE:  We are presented with an unpreserved allegation of palpable

error regarding erroneous sentencing phase jury instructions permitting a jury to

recommend that a bail jumping sentence run concurrently with other sentences.

Finding no palpable error, we affirm.

# BACKGROUND

A Hardin County Grand Jury indicted Alennis Isby ("Isby") on multiple counts, including one count of first-degree promoting contraband, one count of tampering with physical evidence, and two counts of first-degree bail jumping.[1] The facts underlying the charges are not at issue, and Isby testified and admitted committing the first two counts. In short, Isby was arrested and during booking was found to have marijuana in his underwear, which Isby stated he had been carrying for his spouse to use. Isby attempted to throw the marijuana in the toilet during booking. He was released on bond and failed to appear for subsequent court appearances related to the aforementioned contraband and tampering charges, leading to the bail jumping charges. He denied committing the two counts of first-degree bail jumping, variously proffering justifications including confusion, being incarcerated, and not wanting to be re-incarcerated for sentences he received for other crimes as reasons for not attending his court dates.

A jury heard the evidence and found Isby guilty of three charges: first-degree promoting contraband; tampering with physical evidence; and one count of first-degree bail jumping. Following the jury's verdict during the guilt phase, the Trial Court tendered proposed penalty phase jury instructions to the

---

[1] He was also indicted on one count of fourth-degree assault, which was later dismissed, and a persistent felony offender ("PFO") enhancement in the first degree, which was later amended to second degree.

parties and asked for objections. The instructions included an option for the jury to recommend concurrent or consecutive sentences for each charge. Counsel for Isby noted that the maximum term allowable should be 20 years. Counsel for the Commonwealth then stated:

> I believe one of these offenses are going to be mandated to run consecutive, because one was committed while he was on bond. . . . I just wouldn't get into it with the jury, because really they just make a recommendation to the Court on concurrent or consecutive and all that stuff, so I was just going to leave, I'm not, it's just, that, in my experience getting into the concurring or consecutive, that confuses, I just typically stay away from that as far as recommending what they do or decide, because the Court at the end of the day does [inaudible].

The Trial Court then ruled the issue was a sentencing issue that did not need to be included in the jury instructions. The Trial Court stated it would follow the law at sentencing, "whatever that law is." Counsel for Isby did not object.

During truth in sentencing, the jury further found Isby guilty of the PFO enhancement and recommended the minimum, five-year sentences on each charge, to run concurrently for a total sentence of five years. The Trial Court sentenced Isby in accordance with the jury's recommendation. The following day, the Commonwealth filed a motion to reconsider and argued that KRS[2] 533.060(3)

---

[2] Kentucky Revised Statutes.

mandated the bail jumping sentence run consecutively to the other sentences. The Trial Court held a hearing on the motion, found the original sentence to be an illegal sentence, and re-sentenced Isby to concurrent five-year sentences for first-degree promoting contraband and tampering with physical evidence, to run consecutively to a five-year sentence for first-degree bail jumping, for a total sentence of ten years to serve.

## ANALYSIS

Isby appealed as a matter of right raising one issue on appeal: did the Trial Court commit palpable error when it instructed the jury that the jury could recommend concurrent sentences on all counts? The Commonwealth responded alternatively that this alleged error is either invited error or does not constitute palpable error. We review these arguments *seriatim*.

### A. Invited Error

The Commonwealth argued that Isby is estopped from raising any error with the jury instructions because he invited the error. "Generally, a party is estopped from asserting an invited error on appeal." *Quisenberry v. Commonwealth*, 336 S.W.3d 19, 37 (Ky. 2011) (citing *Gray v. Commonwealth*, 203 S.W.3d 679 (Ky. 2006)). Isby disagreed, noting that ultimately the Trial Court decided to give the jury instructions in spite of the issue being brought to the Trial

Court's attention. Having thoroughly reviewed the record, we decline to find that Isby invited the alleged error.

The distinction between unpreserved error and invited error is important, as the latter constitutes a waiver that is not subject to appellate review. *Quisenberry*, 336 S.W.3d at 37-38. Such invited errors must arise from "invitations that reflect the party's knowing relinquishment of a right[.]" *Id*. at 38. For example, by requesting facilitation instructions, the defendant in *Quisenberry* waived any appellate allegation that there was insufficient evidence of facilitation. *Id*. Likewise, in *Graves v. Commonwealth*, 384 S.W.3d 144 (Ky. 2012), the other case relied upon by the Commonwealth, there was a known relinquishment of a right. There, defense counsel objected to a proposed instruction, the Commonwealth agreed with defense counsel's objection, and the Trial Court offered to change the instruction. Nonetheless, defense counsel affirmatively acquiesced to utilizing the proposed instruction, stating, "Yes, if they, ah, down the road somebody says I'm wrong for doing it, then I guess I'm wrong." *Id*. at 152. Those circumstances amounted to invited error. *See also Rudd v. Commonwealth*, 584 S.W.3d 742 (Ky. 2019) (finding invited error and waiver because defendant proposed jury instruction substantially similar to that given by trial court); *Thornton v. Commonwealth*, 421 S.W.3d 372 (Ky. 2013) (same); *Mullins v.*

*Commonwealth*, 350 S.W.3d 434 (Ky. 2011) (finding waiver where defendant emphatically represented that he did not want lesser-included offense instruction).

In the instant case, Isby made no such invitation. In fact, both the Commonwealth and Isby noted concerns with the sentencing range. Counsel for Isby noted that the sentence could not exceed 20 years, and the Commonwealth ostensibly objected to the minimum sentence by noting that one of the charges had to run consecutively to the others. The Trial Court nonetheless decided to use the proposed instructions as is and fix any errors at sentencing. The Trial Court then gave jury instructions that on their face did not limit the jury to recommending a sentence between ten and 20 years. While this case presents a close call on the invited error issue because Isby did not affirmatively state an objection when the Trial Court indicated it would give the instructions as is, our holding on this issue is heavily based on these unique facts from which we cannot discern Isby making an "invitation[] that reflect[s] the party's knowing relinquishment of a right[.]" *Quisenberry*, 336 S.W.3d at 38 (citing *United States v. Perez*, 116 F.3d 840 (9th Cir. 1997). Accordingly, we proceed to palpable error review.

**B. Palpable Error**

Isby claims that the Trial Court committed palpable error when it instructed the jury that it could recommend a concurrent sentence on the bail jumping count. Though Isby concedes that KRS 533.060(3) and *Moore v.*

*Commonwealth*, 990 S.W.2d 618 (Ky. 1999), require the bail jumping count to run consecutively to the other sentences, he claims there was a "significant probability" that had the jury been properly instructed it would have "structured the sentence to provide the leniency desired," *i.e.*, their recommended five-year sentence instead of the statutorily required ten-year minimum sentence.

We agree with Isby that the jury instructions should not have permitted the jury to recommend a sentence below the statutory minimum. However, the error was not palpable and did not result in manifest injustice.

In criminal trials, "the trial court is obligated to instruct the jury on the whole law of the case[.]" *Iraola-Lovaco v. Commonwealth*, 586 S.W.3d 241, 247 (Ky. 2019) (quoting *Turner v. Commonwealth*, 544 S.W.3d 610, 625 (Ky. 2018)); *see also* RCr[3] 9.54. In spite of this obligation, a "timely objection in the trial court is always necessary to preserve the right of appellate review of a defectively phrased instruction[.]" *Martin v. Commonwealth*, 409 S.W.3d 340, 346 (Ky. 2013). Pursuant to RCr 10.26, we can nonetheless review whether instructions are defectively phrased and reverse if we determine the error is palpable, and "relief is necessary to avoid manifest injustice resulting from a defective instruction." *Martin*, 409 S.W.3d at 346. Manifest injustice is defined as an "error [that] so seriously affect[s] the fairness, integrity, or public reputation of the proceeding as

---

[3] Kentucky Rules of Criminal Procedure.

to be shocking or jurisprudentially intolerable." *Iraola-Lovaco*, 586 S.W.3d at 245 (internal quotation marks omitted) (quoting *Davidson v. Commonwealth*, 548 S.W.3d 255, 261 (Ky. 2018), and *Miller v. Commonwealth*, 283 S.W.3d 690, 695 (Ky. 2009)).

Here, the instruction permitted the jury to recommend a punishment less than that required by law. Isby's PFO-enhanced sentence should have ranged from ten years to 20 years, but the jury was permitted to recommend a sentence as short as five years. We note that generally a defendant cannot complain that a jury recommended a lesser sentence than that to which he was entitled. *See, e.g.*, *Mobley v. Commonwealth*, 190 Ky. 424, 227 S.W. 584, 585 (1921) ("This error in the instruction was harmless, because certainly not prejudicial to the appellant who cannot complain that the verdict gave him less than the minimum imprisonment provided by the statute.").

In *Mobley*, however, the defendant was actually sentenced to an imprisonment term less than that required by statute. In the instant case, Isby was ultimately sentenced to the minimum required by the statute, but not to the lesser term recommended by the jury. This distinction is without a difference, because "[o]nce the jury found the appellant guilty, it was compelled by law to assess the minimum penalty at the least" even if they believed the minimum was too severe. *Medley v. Commonwealth*, 704 S.W.2d 190, 191 (Ky. 1985). Thus, a properly

instructed jury was required to recommend an imprisonment sentence of at least ten years for Isby. Though not stated as such, Isby is ostensibly arguing the palpable error here is that the jury could have nullified its vote by disbelieving the evidence offered to prove the PFO enhancement and thus recommend a lesser sentence. *See, e.g.*, *id.*

But since we are reviewing for palpable error, we do not have to guess – we *know* that the jury found sufficient evidence to support the PFO enhancement. Indeed, the evidence of the PFO was uncontroverted, and Isby made no claim on appeal that there were any errors relating to the PFO indictment or the evidence supporting the same.[4] Therefore, because the jury found the evidence of prior convictions supported the PFO enhancement, it was required to recommend Isby serve a minimum imprisonment sentence of ten years. *Medley*, *supra*. The Trial Court likewise was required to sentence Isby to a minimum imprisonment sentence of ten years. Any sentence outside the limitations imposed by the General Assembly would violate the separation of powers doctrine, constitute an illegal sentence, and be void and correctable at any time. *See Phon v. Commonwealth*,

---

[4] Additionally, counsel for Isby made a nullification argument to the jury during the penalty phase closing. "The absolute minimum that you could give him is to not convict him of PFO, then you give him one year, right here." Additionally, counsel asked for "mercy" and further noted that any sentence Isby received would be served consecutively to the 27 years he was already serving for previously convicted crimes. The jury clearly rejected nullifying the PFO enhancement.

545 S.W.3d 284 (Ky. 2018). Having received the minimum possible sentence, any error in the instructions cannot be palpable nor constitute a manifest injustice.

We also reject Isby's reliance on *Lawson v. Commonwealth*, 85 S.W.3d 571 (Ky. 2002), *overruled on other grounds by Hall v. Commonwealth*, 551 S.W.3d 7 (Ky. 2018), and *Stoker v. Commonwealth*, 828 S.W.2d 619 (Ky. 1992). Neither is on point nor guides us to reverse the instant case. *Stoker* involved a *preserved* allegation of error where a jury could only recommend that all sentences run concurrently or consecutively, but not a combination thereof. Finding reversible error, the case was remanded for entry of judgments with concurrent sentences because the resulting 50- and 30-year sentences "will still be severe" given the 311- and 156-year sentences that had been imposed on co-defendants. *Stoker*, *supra*. *Lawson* also involved a *preserved* allegation of error where a jury was erroneously instructed it could – and did – recommend a sentence in excess of the statutory limits. Isby presents an *unpreserved* allegation of error where he ultimately received the minimum sentence possible after a jury erroneously recommended a lesser sentence that was outside the sentencing range. *Lawson* and *Stoker* do not apply.

While we appreciate the challenges one must face when finding out after final sentencing that the sentence was not final, Kentucky has long held that "a defendant has no legitimate expectation in the finality of his sentence . . . where

the defendant's sentence is illegal or unauthorized by statute[.]" *Cardwell v. Commonwealth*, 12 S.W.3d 672, 675 (Ky. 2000) (citing *Bozza v. United States*, 330 U.S. 160, 67 S. Ct. 645, 91 L. Ed. 818 (1947)). Isby's five-year sentence falls squarely into this category. In fact, Isby should have known his five-year sentence was unauthorized and not final because he was present during the jury instruction discussion where the Commonwealth noted the sentence on the bail jumping charge would run consecutively to the other charges.

Additionally, we note that Isby, who is currently serving the minimum sentence, risks receiving a greater sentence if given a new sentencing phase. At the very least, Isby can do no better than the minimum sentence he has already received. Thus, there is no manifest injustice in not reversing under these circumstances.

We also remind the Trial Court that it is the ultimate gatekeeper of what instructions the jury receives, and the "purpose of jury instructions is to define the law on issues that are raised." *Keller v. Eldridge*, 471 S.W.2d 308, 310 (Ky. 1971). The time for ensuring that the instructions track the law is when the instructions are given to the jury. One of the practical effects of waiting until sentencing to define the law, "whatever the law is" as the Trial Court herein stated, is that there is a measure of uncertainty in the jury's verdict and recommendation, a measure that in this case has required an extensive expenditure of resources both

-11-

by the Trial Court in multiple sentencings and on appeal by all parties.  And, more importantly, Isby had to endure through two sentencings to correct an illegal sentence, being agitated during the process.  While errors occur during trials, Trial Courts should take great care when instructing the jury.  Failure to properly define the law may have substantial, real effects in the lives of those before the Court, even if those errors ultimately do not constitute reversible error.

## CONCLUSION

Having thoroughly reviewed this allegation of error, we cannot say that any error was palpable and resulted in manifest injustice.  Accordingly, we AFFIRM the sentence.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jennifer Wade
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky