## Johnson v. Commonwealth.

(Decided October 5, 1923.)

### Appeal from McLean Circuit Court.

1. Indictment and Information—Indictment for Possessing Illicit Moonshine Still Held Not Duplicitous.—An indictment accusing defendants of the "offense of unlawfully having in their possession an illicit moonshine still, committed in manner and form as fol-

lows, to-wit," etc., and in the body thereof charging defendants with acting together, each aiding, abetting, encouraging, and assisting the other in having and possessing an illicit moonshine still and equipment, held not duplicitous.

2. Indictment and Information—Indictment Held Not Bad Because of Using Expression "Aiding and Abetting."—An indictment for having in possession an illicit moonshine still was not bad because it used the expression "aiding and abetting, encouraging and assisting the other;" such words indicating that each and all of the defendants had the still in possession, and that each aided and assisted the other in so having it in possession.

3. Intoxicating Liquors—Evidence Sufficient to Sustain Conviction for Possession of Illicit Moonshine Still.—Evidence that a still was found on defendant's premises, and that he assisted others in removing it, along with other evidence, held to sustain a conviction for possession of an illicit moonshine still.

4. Criminal Law—Verdict Sustained by Evidence Not Disturbed.— A conviction will not be reversed where it is based upon a verdict sustained by any evidence at all, unless it is so flagrantly against the evidence as to at first blush appear to be the result of passion or prejudice.

J. H. MILLER and SLACK, BIRKHEAD & SLACK for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Four men, including appellant Johnson, were indicted in the McLean circuit court for the offense of having in their possession an illicit moonshine still. One of them pleaded guilty to the charge and the other three being tried were convicted and each given 30 days in jail and a fine of $200.00. Johnson alone appeals.

From the evidence it appears that someone approached Johnson and told him that a moonshine still had been found on his farm at a remote point from his home. Johnson denied knowledge of the still but said he would see that it was removed. The finding of the still was made known to the sheriff and his deputies, who gathered a posse that night and went to and watched the premises to see what took place. They arrived at the still site early in the night and awaited results. After a while they heard the rumbling of a wagon on its way towards the still; with the wagon came appellant and his three co-defendants and others. They took the barrels

of mash and cider as well as the utensils about the place and loaded them into the wagon and drove away. Members of the sheriff's party heard parts of the defendants' conversation. In the crowd they recognized appellant Johnson assisting in the loading of the outfit. After the wagon started away the officers followed close behind so as to see what happened. After coming into the main road the wagon stopped at an automobile, which appeared to belong to some of the defendants. There the officers heard appellant Johnson in conversation with his associates say in substance that he had plenty of corn and one of the other defendants had corn and that a sufficient amount of whiskey should be made to meet their requirements. They also heard conversations about the new location of the still and what should be done. Johnson and one other member of the party separated from the balance of the crowd at the automobile and the wogan drove down the highway. The officers followed in a car which they had nearby. After traveling some two or three miles they passed the wagon with the distillery outfit in it. One man was driving the team and another holding the barrels to keep them from falling from the wagon Going some distance in front of the wagon the car turned back and met the team. They put the driver and his associate under arrest. When they searched the wagon they found not only the barrels of mash, cider, buckets and utensils which they had seen at the still place, but they also found in a coffee sack a copper worm and a copper lid or cap which could be employed in the manufacture of whiskey. This evidence was allowed to go to the jury and no doubt worked a conviction of appellant.

He urges a reversal of the judgment (1): Because the demurrer to the indictment was overruled when, as he contends, it should have been sustained. It is argued in brief that the indictment was defective and insufficient in two or more ways. (a) It was duplicitous, (b) it charged appellant and the other defendants with aiding and abetting one another in the possession of the still, whereas, as appellant contends, no such offense is denounced by the statutes.

We do not think the indictment duplicitous. It accuses the defendants, naming them, of the "offense of unlawfully having in their possession an illicit moonshine still, committed in manner and form as follows,

to-wit.'' In the body of the indictment appellants are charged with acting together, each aiding, abetting, encouraging and assisting the other in having and possessing an illicit and moonshine still and equipment. The indictment charged but one offense, although there are some words employed therein which are mere surplusage.

Neither do we regard the indictment bad because it uses the expression ''aiding and abetting, encouraging and assisting the other,'' for these words when read with the balance of the indictment indicate that each and all of the defendants had the still in possession and that each and all aided and assisted the other in so having it in possession.

Appellant insists that there was no evidence showing that he possessed the still or had any interest or part in it. It was on his lands and when he was notified of that fact he associated himself with the other defendants and went to the still at night time, under cover of darkness, with a wagon and team and assisted in loading and hauling it away. He discussed with his associates at the time of the removal of the still from his place the next location and the use of the still to make liquor. In this connection he spoke of the corn he had from which liquor might be made. These facts were sufficient to carry the case to the jury and from which the jury might reasonably have deduced the conclusion that appellant Johnson was a part owner of the still, and as such allowed or permitted it to be located on his premises and there aided and assisted in keeping and operating it. These are but reasonable inferences to be drawn from the evidence and are sufficient to sustain the verdict. We have a rule which forbids the reversal of a judgment in a criminal case where it is based upon a verdict sustained by any evidence at all, unless it is so flagrantly against the evidence as to at first blush appear to be the result of passion and prejudice.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.