## Adams v. Commonwealth.

(Decided December 7, 1923.)

### Appeal from Martin Circuit Court.

1. Intoxicating Liquors—Evidence as to Possession of Still Sufficient for Jury.—In a prosecution for having in possession a moonshine or illicit still, evidence held sufficient to carry case to the jury.

2. Intoxicating Liquors—Having Moonshine Still in Possession Held Crime Under Statute.—On December 5, 1921, having a moonshine still in possession was an offense, Acts 1918, c. 168, not being repealed by Acts 1920, c. 81.

3. Criminal Law—No Error in Failing to Define Moonshine Still.— Where the Commonwealth proved that paraphernalia near which accused was seated when seen by witness was a moonshine still, and that accused had in his possession a half gallon of moon-

shine whiskey, the court did not err in not defining or telling the jury what a moonshine or illicit still was, or for what purpose it was intended.

4. Indictment and Information—Indictment Held to Sufficiently Show Crime Committed Within 12 Months.—An indictment returned December 5, 1921, stating that the offense of possessing moonshine or illicit still occurred on December 3, 1921, sufficiently stated that the offense occurred within 12 months before the finding of the indictment.

J. B. CLARK for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE ROBINSON—Affirming.

At the December term, 1921, of the Martin circuit court, the appellant and Phil Cassady were indicted jointly for operating, abetting, aiding, assisting, encouraging and having in their possession a moonshine or illicit still, and at the April term, 1923, of said court they were tried and appellant found guilty, his punishment being fixed at a fine of $250.00 and confinement of sixty days in jail; while his co-defendant, Phil Cassady, was acquitted, and from this judgment the defendant, Adams appeals.

The testimony shows that a short time before he was indicted appellant, with Phil Cassady and Blain Thomas, was sitting on the bank of a branch on Wolfe creek in Casey county, drinking what they afterwards admitted was whiskey from a half-gallon fruit jar. While so occupied, George Moore, living in that section, appeared upon the scene and was invited to participate. This he did, and later they dispersed, going to their respective homes. While seated with appellant and his friends, Moore claimed to have seen a moonshine still set up and ready for operation within fifteen feet of them, and further to have noticed evidence that the apparatus had been used. He testified that he saw a whiskey keg lying in the branch of the creek near this alleged still, and that appellant, with the others mentioned, had about one-half gallon of whiskey in his possession. On his evidence the indictment was returned.

During the trial the testimony offered in behalf of the Commonwealth was not so convincing as might have been; nevertheless, we feel that it was of a character sufficient to carry it to the jury; and upon cross-examina-

tion, the appellant admitted that he saw something resembling a still in the bushes; that it was nearer his house than any other and situated upon his land; while his companions, testifying in his behalf, stated that they had never seen the alleged still nor were they aware of any in that neighborhood; yet after due deliberation the jury returned the verdict of which appellant complains, and he filed a motion and grounds for a new trial as follows:

1. Because the court permitted the introduction of incompetent and irrelevant evidence.

2. Because the court erred in overruling defendant's motion for peremptory instructions at the close of the evidence offered by the Commonwealth.

3. Because the court erred in overruling the defendant's motion for peremptory instructions at the close of evidence by both plaintiff and Commonwealth.

4. Because the verdict of the jury was rendered through prejudice and passion and is not sustained by the evidence.

5. Because the verdict of the jury against the evidence is not sustained by the law.

6. Because the court failed to properly instruct the jury.

7. Same as 4th.

8. Because there is no order impaneling the jury.

9. Because the verdict of the jury was decided by lot.

After a careful examination of all the testimony heard and the proceedings herein, we can find nothing of a character to support the motion or grounds for new trial.

Attorney for appellant in his brief further contended that after he had filed a demurrer to the indictment, which was overruled, the Commonwealth elected to try appellant on the charge of having a moonshine still in his possession, and avers that the indictment did not state an offense punishable by the prohibition law in effect at the time charged in the indictment; and further that the prohibition law of 1918 was repealed by the prohibition law of 1920, which was in force and effect at the time of the offense charged in the indictment, viz., December 5, 1921. However, in the case of Collins v. Commonwealth, 195 Ky. 745, the court held:

"The offense of buying, bargaining for, selling, loaning, owning, or having in possession an illicit or moonshine still (of one of which defendant was necessarily convicted under the instructions of the court), are acts

denounced by chapter 168, page 676, of the Session Acts of 1918, the punishment for which is, for the first offense, a fine of not less than $50.00 nor more than $500.00 and confinement in the county jail for not exceeding six months. We held in the recent case of Brent v. Commonwealth, 194 Ky. 504, that the above enumerated acts relating to illicit or moonshine stills as denounced by the 1918 statute, were not repealed in the 1920 act, *supra.*"

Therefore, when the Commonwealth chose to elect to prosecute the appellant for the offense of having in his possession a moonshine still and a conviction was obtained, such finding was proper and in full accord with the provisions of the law then in effect.

Appellant insists that the court erred in not defining or telling the jury in the instructions what a moonshine or illicit still is, or for what purpose it was intended. However, the Commonwealth by the testimony of George Moore, its principal witness, proved, first, that the paraphernalia near which the appellant was seated was a moonshine still; and secondly, that appellant had in his possession one-half gallon of moonshine whiskey, and the jury could determine its purpose.

The case of Stinnett v. Commonwealth, 200 Ky. 297, is also cited, wherein the court held that the indictment should state that an offense of this character must have occurred prior to and within twelve months before its finding, otherwise it is bad on demurrer. And the same applies to Commonwealth v. Bowling Green Athletic Club, 199 Ky. 96. However, while the indictment did not follow the precise wording of this opinion, nevertheless it did state that the offense occurred on December 3, 1921, and the indictment was returned on December 5, 1921, making it, we feel, clear that it was thoroughly good in this particular.

Just why nearly two years were allowed to intervene between the time of the indictment and the trial of appellant, none of the proceedings filed herein make clear; but it is the opinion of the court, after a careful review of the testimony, that no errors derogatory to the interests of the appellant are to be found.

The judgment is affirmed.