## Lakes v. Commonwealth.

(Decided April 16, 1924.)

### Appeal from Madison Circuit Court.

Intoxicating Liquors—Evidence Held to Sustain Conviction for possession of Illicit Still.—Evidence held sufficient to sustain a conviction for possession of an illicit still for the unlawful manufacture of intoxicating liquor.

H. N. DEAN for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellant Lakes was accused of having in possession an illicit still for the unlawful manufacture of intoxicating liquors. He was convicted and his punishment fixed at a fine of $100.00 and thirty days in the county jail. This appeal results.

It is the contention of appellant that the Commonwealth failed "to connect him in any way with a moonshine still; that he was not proven to have been seen there, or any circumstances connected with him in any way about the still."

It is true that the evidence does not show that appellant Lakes was seen at the house where the still was located. His conviction is wholly upon circumstantial evidence. He lived in Madison county near the Jackson county line. Near his home was a small farm, on which there was a two or three room dwelling house, the property of a Mrs. Lakes, who had moved away from it and at the time of the trial lived in a foreign state. Before she abandoned her place she, according to the evidence, asked appellant to find her a purchaser for the place. Reading her evidence altogether it would appear that she placed the farm, including the house, in charge of appellant. At any rate shortly before the still was found in the residence on this small farm appellant moved his mother into the house. She intended to use it as a residence but she did not remain there long. However, her household goods were left there. A very short time before the still was captured the sheriff, or one of his

deputies, passed near the house and smelt the odor of mash. Upon investigation he found the house contained several barrels of mash and a complete still except the worm.

Appellant denied that he had any connection with the still or knew of its existence. He testified he had seldom been about the house; that it was not in his possession or control. He further stated he had not been about home very much for quite a while.

One witness for the Commonwealth testified that appellant had said to him or in his presence at the United States district court that he was either the owner of the place or had it in possession. Another witness for the Commonwealth testified that he was acquainted with the reputation of appellant Lakes for trafficking in intoxicating liquors, and that it was bad. Upon these facts the jury based its verdict of guilty.

We find no reason for disturbing the judgment.

Judgment affirmed.