## J. E. Martin and Wallace Martin v. Commonwealth.

(Decided May 6, 1924.)

### Appeal from Ballard Circuit Court.

1. Indictment and Information—Order Dismissing Lost Indictment Unnecessary for Trial Under New.—Under Kentucky Statutes, section 1140, permitting defendants to be again indicted where indictment stolen or lost, no order dismissing old indictment is necessary before trial upon second indictment, Civil Code of Practice, sections 90, 118, not applying, in view of Criminal Code of Practice, section 172.

2. Intoxicating Liquors—Finding of Possession of Illicit or Moonshine Still Held Not Against Evidence.—Verdict convicting of having in possession illicit or moonshine still held not flagrantly against evidence.

3. Criminal Law—Conviction Sustained by Any Evidence Not Reversed.—A judgment based on verdict sustained by any evidence will not be reversed unless palpably against evidence.

4. Criminal Law—New Trial for Newly Discovered Evidence Held Properly Refused.—Defendants having known that certain men had knowledge of existence of still were not entitled to new trial on ground of newly discovered evidence consisting of testimony of such persons that defendants had no knowledge that still was on their property, there being no diligence.

JOHN E. KANE, M. C. ANDERSON and W. T. WHITE for appellants.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Dr. J. E. Martin and Wallace Martin were indicted in the Ballard circuit court on August 26, 1921, for having in possession an illicit or moonshine still. The case was tried at the April term, 1922, and the jury failed to agree. They were tried again at the January term, 1923, and the jury again failed to agree. After that term and before the April term the indictment and accompanying papers were lost or stolen, and at the April term the court made an order so reciting, re-submitting the case to the grand jury under section 1140, Kentucky Statutes, which provides:

"If any indictment pending in any of the courts of this Commonwealth shall be stolen, destroyed or otherwise lost, it shall be lawful for the defendant or defendants to be again indicted for the offense by another grand jury, and when the offense is a misdemeanor, the time intervening between the finding of the first and new indictment shall not be computed in the lapse of time or limitation that will bar the prosecution for said offense, if a new indictment shall be found and filed at or before the second court which may be held in the county after the loss or destruction of the indictment."

The jury at that term returned a new indictment, which, after setting out the offense, concluded with these words:

"This indictment is found in lieu of an indictment filed in the office of the Ballard circuit court clerk on August 5, 1921, endorsed Vert C. Fraser, clerk, and W. C. Titsworth, foreman of the grand jury. Said indictment above mentioned having since said time been stolen or misplaced from the office of the circuit court clerk."

At the August term, 1923, the case was tried again. The defendants filed a demurrer to the indictment, which was overruled, also plea of limitation, and the evidence being heard the jury returned a verdict finding each of the defendants guilty as charged and fixing his punishment at a fine of $200.00 and confinement in the county jail for a period of one day. A motion for a new trial was overruled and they appeal.

The first objection urged by the defendants is that they could not be tried upon the second indictment until an order had been entered dismissing the first indictment. Section 1140, Kentucky Statutes, simply provides a method of supplying the lost record and when it is supplied as provided in the statute the new indictment, showing on its face the facts, is but a continuation of the old indictment and no order dismissing the old indictment is necessary. By sections 90 and 118 of the Civil Code the pendency of prior action is ground of defense in a civil action, but this rule does not apply in criminal cases. There are no such provisions in the Criminal Code; on the other hand section 172 of the Criminal Code is in these words:

"There are but three kinds of pleas to an indictment:

"1.   A plea of guilty.

"2.   Not guilty.

"3.   A former conviction or acquittal of the offense charged, either of which may be pleaded with or without the plea of not guilty."

If the defendant is convicted or acquitted under one indictment this is a bar to another indictment against him for the same offense, but until he is so convicted or acquitted the pendency of another indictment is no bar to the prosecution.

It is earnestly insisted that the verdict of the jury is flagrantly against the evidence. The facts are briefly these:

Dr. J. E. Martin was a physician living at La Center, four and one-half miles from a tract of land containing 175 acres which he owned. His brother, the defendant Wallace Martin, lived a mile and a half from this tract of land, but was renting from his brother at the time all the land in cultivation on the farm and was on the farm every day about the time in controversy. There was a tenant house on the farm which had been occupied up to January 1st, but the tenant had then moved out and this house was vacant, also an outhouse about sixteen feet square in the same yard and a few feet from the dwelling house. Dr. Martin was feeding some hogs at one side of the yard and was there nearly every day feeding the hogs. He sold the hogs a week after the still was found. For something like two weeks before the still was found the attention of some neighbors was attracted by frequent

visits of T. L. Duley and J. O. Stahl to this house, and they concluded from the circumstances that they had whiskey. One of the neighbors went to this house; she found the door fastened, the windows nailed up and shaded so no one could see in; but she finally peeped in through a hole and saw a still. Thereupon a search warrant was taken out and when the house was broken open there were found four and a half gallons of whiskey, two barrels of mash and a well equipped still; at one side of the house a hole had been cut in the floor an inch or two wide and several inches long, through which the slop had been poured out. Under this hole in the floor was a considerable hole in the ground which smelled sour, and around it were hog tracks. The house set about three feet above the ground.

Dr. Martin and his brother were promptly informed of what had been found and their conduct and language at the time did not indicate any surprise or any special desire to locate a trespasser. The house stood only a few feet from the road in front and the condition of the windows and door could easily be seen by one in the road. There was as to Wallace Martin some evidence that he was seen about the house shortly before the still was discovered, that smoke was seen going out of the chimney and that he was seen hauling some barrels in that direction and was seen with whiskey. All this evidence was contradicted by him and the proof on his behalf.

The defendants testified that the house was vacant and the door open and the windows clear when they last saw them and they proved by others that this condition continued until four or five days before the still was discovered.

The evidence is very conflicting but we cannot say that the verdict is flagrantly against the evidence. The well established rule is that a judgment in a criminal case where it is based upon a verdict sustained by any evidence will not be reversed unless it is palpably against the evidence. Johnson v. Commonwealth, 200 Ky. 345. In that case and Adams v. Commonwealth, 201 Ky. 306, the court refused to disturb verdicts under this statute, resting upon evidence no stronger than that presented here. The defendants were men of wealth and position, a jury of their neighbors seeing and hearing the witnesses is the tribunal created by law for the trial of the facts and it is a sound rule that the jury's verdict should not be dis-

turbed here unless palpably against the evidence. On the whole record we cannot say that the verdict was palpably unwarranted by the facts.

After their motion and grounds for a new trial were filed and before. they were passed on the defendants at the fall term of the court filed additional grounds for a new trial showing that they had discovered since the trial that they could prove by T. L. Duley and J. O. Stahl, that this still had been established in this house four days before the trial by Bob Willingham without the knowledge or consent of the defendants and the defendants knew nothing about it until it was discovered. Bob Willingham was a witness on the trial and had been a witness on each of the other trials. He lived for twenty years on the defendant's land and was a colored man. He had been put under arrest for failing to appear and the defendants had gone on his bond, and after he testified on the first trial they refused to stand longer on his bond. Duley was a brother-in-law of the defendant, Wallace Martin, his father Alec Duly living with Martin. The proof that this still was discovered by reason of the conduct of Duley and Stahl had been made on each of the trials of this case, and the defendants knew from the beginning of the case that these men had knowledge of this still being there, yet so far as the evidence goes they made no effort to find out what they could prove by them or to get their testimony until they were convicted on the third trial of the case. Under the circumstances plainly this evidence could have been secured by ordinary diligence, certainly at any time after the first trial of the case, and to grant a new trial now for the discovery of this evidence would be to encourage the defendant to take a chance of getting cleared without the evidence and, when he failed, to bring it in. Such a practice cannot be sanctioned.

It is insisted for the Commonwealth that under sections 273-4 of the Criminal Code additional grounds for new trial could not be filed at the succeeding term though the motion for a new trial was still pending. It is unnecessary to pass on this question for the reasons above given.

Judgment affirmed.