## Vansant v. Commonwealth.

(Decided September 26, 1924.)

### Appeal from Rockcastle Circuit Court.

1. Criminal Law—Complaint Cannot be Made to Admission of Evidence in Absence of Objection and Exception.—Complaint that evidence for Commonwealth was incompetent cannot be considered on appeal, where defendant neither objected nor excepted to its introduction.

2. Intoxicating Liquors—Evidence Held Sufficient to Sustain Conviction for Manufacture.—Evidence held sufficient to sustain conviction for operating illicit still, and conviction was not flagrantly against evidence.

S. D. LEWIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was convicted of operating an illicit still, and seeks a reversal of the judgment upon the grounds that the evidence for the Commonwealth was incompetent and that the verdict is flagrantly against the evidence.

A sufficient answer to the first complaint is, that the defendant neither objected nor excepted to the introduction of any of the Commonwealth's testimony.

Nor is there any merit in appellant's other contention, since it was proven by the witnesses for the Commonwealth that a path led from defendant's residence to a still located about 300 yards therefrom, and which bore evidence of recent operation; that defendant was in the path within twenty feet of the still a few days theretofore.

There is also evidence for the Commonwealth from which it is reasonable to infer that two half-gallon jars

containing moonshine whiskey, which the officers found hidden under some brush, were placed there by the defendant at the approach of the officers.

The fact that the defendant denies any connection with the still or the whiskey, that neither the still nor the whiskey was found upon his land, and that others live about as near to the places where the still and whiskey were found, but made an issue of fact for the jury, and is wholly insufficient to render the verdict flagrantly against the evidence.

Judgment affirmed.