### Kaiser v. Commonwealth.

(Decided February 3, 1925.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—In Absence of Objection to Evidence or Motion to Exclude, Alleged Error in its Admission is Not Reviewable.—In absence of objection to evidence or motion to exclude, alleged error in its admission is not reviewable on appeal.

2. Intoxicating Liquors—Evidence Held to Sustain Conviction for Unlawful Possession of Intoxicating Liquor.—Evidence held to sustain conviction for unlawful possession of intoxicating liquor.

CHARLES P. JOHNSON and JAMES A. SPEED for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant was convicted of the unlawful possession of intoxicating liquor, and the principal ground urged

for a reversal is that all the evidence was obtained by an illegal search. In reply it is sufficient to say that the evidence was heard without objection, or motion to exclude, and, that being true, the error, if any, is not available on appeal. Mullins v. Commonwealth, 204 Ky. 445, 264 S. W. 1048; Vansant v. Commonwealth, 204 Ky. 489, 264 S. W. 1074.

Another contention is that the evidence was insufficient to sustain a conviction. The officers testified that at the time they arrested appellant he was intoxicated and was attempting to crank a Ford machine that contained intoxicating liquor. There was further testimony to the effect that appellant while at the station house complained of the treatment accorded him while others who handled whiskey were permitted to get by. On the other hand, appellant testified that when arrested he was standing by the machine and was not attempting to crank it. He also stated that he did not own or have any interest in either the machine or the whiskey, but that they belonged to another who had gone away. On this showing there can be no doubt that the evidence for the Commonwealth was sufficient to make appellant's guilt a question for the jury, and sustain the verdict.

Judgment affirmed.