## McKinney v. Commonwealth.

(Decided March 27, 1925.)

### Appeal from Lee Circuit Court.

1. Criminal Law—Conviction May be had on Circumstantial Evidence.—Conviction in criminal case may be had on circumstantial evidence.

2. Intoxicating Liquors—Evidence Held Sufficient to Take Question of Defendant's Guilt to Jury.—In prosecution for possession of an illicit still, evidence held sufficient to take question of defendant's guilt to jury.

3. Intoxicating Liquors—Conviction of Defendant for Illicit Possession of Still Held Not Flagrantly Against Evidence.—Conviction of defendant for illicit possession of a still held not flagrantly against evidence, where outfit was found on his land within 150 or 200 yards of his residence, apparently recently operated, with a path leading from place in direction of and nearly to defend-

ant's home, and being located about a mile from any other residence.

S. P. STAMPER for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was convicted of having an illicit still in his possession, and the only grounds urged for the reversal of the judgment are, that the court erred in refusing to direct an acquittal, and that the verdict is flagrantly against the evidence.

Six or seven barrels, a keg and a gasoline tank were found upon the defendant's land, and about 150 yards from his house. Two or three of the barrels had beer mash in them, and a path led down the hill in the direction of defendant's house as far as the L. & N. railroad tracks, which separated the house from the field in which the barrels, etc., were found, but the path did not extend beyond the railroad toward the defendant's house.

Witnesses for the Commonwealth testified that there were evidences of fire and recent operation of a still at the place where the barrels, etc., were found, and that smoke arising therefrom would have been visible from defendant's house. There was also evidence that defendant's reputation for making liquor was bad.

It is well settled that a conviction in a criminal case may be had upon circumstantial evidence. Mobley v. Commonwealth, 190 Ky. 424, 227 S. W. 584, and Slaton v. Commonwealth, 193 Ky. 449, 236 S. W. 952.

The still outfit was found upon appellant's land, and within 150 or 200 yards of his residence; there were evidences of recent operation, a path led from the place in the direction of, and nearly to, his home, and it was about a mile to any other residence. According to the Commonwealth's evidence, smoke from the still would have been visible from his house, and he was reputed to be engaged in the business.

These circumstances are sufficient, in our judgment, to warrant an inference of guilt, and therefore sufficient not only to carry the case to the jury, but also sufficient to sustain a conviction, notwithstanding defendant's denial of connection with, or knowledge of, the still, or that smoke therefrom could have been seen from his home,

and proof by his witnesses of recent good reputation with reference to the liquor business.

We so held in Cotton v. Commonwealth, 200 Ky. 349, 254 S. W. 1061, and Lakes v. Commonwealth, 202 Ky. 669, 261 S. W. 20, where the evidence was substantially the same as here, and also in many other cases where the evidence was of the same general character, but contained some additional circumstances of guilt. Brent v. Commonwealth, 194 Ky. 504, 240 S. W. 45; Adams v. Commonwealth, 201 Ky. 306, 256 S. W. 419; Martin v. Commonwealth, 203 Ky. 44, 261 S. W. 851; and Vansant v. Commonwealth, 204 Ky. 489, 264 S. W. 1074.

We therefore conclude that the trial court did not err in submitting the case to the jury, or in refusing to grant a new trial upon the ground that the verdict was flagrantly against the evidence, and the judgment must be, and it is, affirmed.