## Newman v. Commonwealth.

(Decided October 9, 1925.)

### Appeal from Boyd Circuit Court.

Intoxicating Liquors—Question of Defendant's Guilt in Prosecution for Possession of Still Held for Jury.—In prosecution for possession of a moonshine still, question of defendant's guilt held for jury.

J. F. STEWART for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Affirming.

Appellant was convicted of unlawfully having in possession a moonshine still. The only ground urged for reversal is that the court erred in refusing to direct his acquittal.

. The still was found hidden in some brush on defendant's farm, and about 300 yards back of his residence. About fifty yards further up the hill, evidences were discovered, in a pen appellant claims to have constructed for his sheep, of recent operations of the still. There was also evidence for the Commonwealth of a path leading from this place to appellant's residence, and that smoke arising from this place would have been visible from his residence.

Defendant denied any knowledge of or connection with the still, or that smoke arising from its operation in the sheep pen could have been seen from his home. We have held in several cases that, under almost precisely the same proof, the question of defendant's guilt or innocence of this charge is for the jury, and that as a consequence the court did not err in refusing to direct an acquittal. See McKinney v. Commonwealth, 208 Ky. 322, 270 S. W. 800, and cases therein cited.

Judgment affirmed.