## Albritton v. Commonwealth.

(Decided June 1, 1926.)

### Appeal from Calloway Circuit Court.

Criminal Law—Accused, by Neither Objecting to Admission of Evidence nor Moving to Exclude it from Jury, Waived its Incompetency and Inadmissibility, Though he Moved for a Peremptory Instruction.—Accused, by neither objecting to admission of evidence nor moving to exclude it from consideration of jury, waived its incompetency and inadmissibility, though he moved for a peremptory instruction in his favor, as such motion challenges the sufficiency, not the admissibility, of evidence.

JOE LANCASTER for appellant.

F. E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

Upon his trial in the Calloway quarterly court under a warrant charging him with unlawfully possessing intoxicating liquor, the appellant, and defendant below, Claudius Albritton, was convicted. He appealed to the Calloway circuit court with a like result, and from the judgment therein he prosecutes this appeal, relying for reversal solely upon the error of the court in admitting the testimony of the witnesses for the Commonwealth, who were public officers, because it was obtained by a search by the witnesses of defendant's premises without being authorized so to do by a search warrant, and for that reason it was incompetent.

We are relieved, however, from passing upon the merits of the argument as to the competency of that testimony because none of it was objected to at the trial, nor was there any motion made to exclude it from the consideration of the jury. It is true that defendant moved for a peremptory instruction in his favor, but we

held in the three recent cases of Mullins v. Commonwealth, 204 Ky. 445; Scott v. Commonwealth, 206 Ky. 286, and Kaiser v. Commonwealth, 207 Ky. 100, that such a motion "challenges the sufficiency of the evidence and not its admissibility." When defendant failed to object to the admission of the testimony complained of and to except to its admission if his objection was overruled, he waived its competency or admissibility and after such waiver it is to be treated as if it was competent and admissible, leaving its sufficiency to establish the issue to which it was directed the same as if it was in all respects competent and admissible.

That it was sufficient in this case there can be no doubt, and, indeed, there is no contention to the contrary, and under the opinions *supra* the judgment must be and it is affirmed.