## Bartholomew v. Commonwealth.

(Decided June 1, 1926.)

### Appeal from Jefferson Circuit Court
### (Criminal Division).

1. Criminal Law.—Evidence held to sustain finding that illness for which accused sought continuance was feigned.

2. Criminal Law—Accused Waived Incompetency of Testimony of Officers, Where he Waived His Single Objection to all Their Testimony by Not Procuring the Court to Act upon it and did Not Move to Exclude Testimony, Notwithstanding he Moved for Peremptory Instruction.—Accused waived incompetency of testimony of officers, where he waived his single objection to all their testimony by not procuring the court to act on it and did not move to exclude the testimony, notwithstanding he moved for a peremptory instruction, as such motion challenges the sufficiency not the competency of evidence.

3. Criminal Law.—That court instructed jury after it retired cannot be considered, where neither fact nor instruction is in record.

ROSCOE CONKLING for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Affirming.

Appellant and defendant below, Robert Bartholomew, was arrested under a warrant issued by a justice of the peace of Jefferson county charging him with unlawfully possessing intoxicating liquor for other than permissible purposes, and upon his trial before the justice who issued the warrant he was convicted and appealed to the Jefferson circuit court with a like result, and from the judgment of that court he prosecutes this appeal. It is urged as reasons for a reversal that the court erred in overruling defendant's motion for a continuance; also erred in overruling his motion for a peremptory instruction to acquit him, and in admitting the introduction of testimony by the Commonwealth, and in giving to the jury an instruction after it had retired to consider the case.

The sole ground urged for a continuance in the circuit court was the illness of defendant and which was attempted to be supported by only an unsworn statement of a physician, saying: "This is to certify that I have

prescribed for Robert J. Bartholomew and visited him at his home 1104 S. 7th street. He is ill and not able to appear in court.'' No affidavit of either defendant or his attorney was filed, and it will be noticed that no description of his ailment or the extent of his illness is contained in the statement of the physician. See Talbott v. Commonwealth, 207 Ky. 749. Furthermore, there was some two hours or more elapsed from the time of the motion until the trial was entered into and during which time some policemen of the city visited defendant's home and saw him up and dressed and stirring around in his house in such a manner as to conclusively show that he was able to attend his trial. The court considered the testimony on that summary hearing and, we think, correctly determined that the alleged ground of continuance was feigned.

The motion for peremptory instruction was bottomed on the theory that the evidence of the officers who testified for the Commonwealth was incompetent, because in executing the search warrant whereby they discovered the facts to which they testified, and which in substance was that they found a considerable quantity of liquor in defendant's possession in his residence, they exceeded their authority by breaking into the residence without first notifying defendant and demanding of him the right to enter. The facts concerning that matter were: That defendant resided in the second story of the building, the first story of which he had formerly occupied as a soft drink stand, but had ceased to conduct that business and closed up the room. A part of the glass in the front door had been broken out and the space covered with some planks loosely nailed on the door, and the officers prized some of them off and entered through the aperture made by the broken glass and from thence went up the stairway to the apartment occupied by defendant. They knocked on the door and when he opened it they entered and later discovered the existence of the liquor therein. Whether the breaking was unlawful, or if so, whether the discovered evidence would be rendered incompetent by reason thereof, as is true in cases where no search warrant was issued, we need not determine, for if it should be conceded that for those or any other reasons the evidence was rendered incompetent, then, as we shall subsequently see, defendant waived its incompetency and can not rely upon this ground for a reversal. There was not a single objection

interposed by defendant's counsel to any of the testimony of the three or four officers who testified for the Commonwealth, but when the last or next to the last one was testifying and was practically through with his testimony he was asked this question: "Will you read to the jury the charging clause of that affidavit?" (The affidavit for the search warrant.) Defendant objected to the question and the court sustained it, whereupon counsel for defendant announced: "I want my objection to go to the testimony of each of the three officers, and to any statement of officers Gregory, Lile or Carman. I want my objections to go to the testimony of each one specifically." Whereupon the court said: "Very well." And that was all of the action taken by counsel looking to an objection to the testimony. He made no motion to exclude the testimony of any witness, and under numerous decisions of this court he waived his somewhat general and indefinite objection, which we have above inserted, by not procuring the court to act upon it. Neither can he obtain the benefit of this ground by virtue of his motion for a peremptory instruction, since such a motion challenges the sufficiency of the evidence and not its competency. Mullins v. Commonwealth, 204 Ky. 445; Scott v. Commonwealth, 206 Ky. 286; Kaiser v. Commonwealth, 207 Ky. 100, and Albritton v. Commonwealth, 215 Ky. 2. This ground, therefore, is without merit. and it also answers the other contention that the court erred in admitting evidence offered by the Commonwealth, since the error, if any, consisted in the testimony of the officers and it, as we have seen, was not objected to.

The alleged reason that the court instructed the jury after it had retired to the jury room can not be considered by us, since neither the fact nor the instruction which the court gave is contained in the record by a bill of exceptions or otherwise.

There being no error authorizing a reversal of the judgment, it is affirmed.